UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
KRISTEN M. KOHR,                            )
                                            )
       Plaintiff,                           )
vs.                                         )   Case No.: 1:20-cv-5033
                                            )
MARS, INCORPORATED,                         )
a Delaware Corporation,                     )
a/k/a and/or d/b/a as,                      )
M&M's WORLD,                                )
                                            )
       Defendant.                           )
_____  )

## COMPLAINT FOR DAMAGES
*(Jury Trial Demanded)*

Plaintiff, KRISTEN M. KOHR (Hereinafter "Plaintiff") files this Complaint for Damages against Defendant, MARS, INCORPORATED (Hereinafter "MARS") also known as and/or doing business as M&M's WORLD and would show this Honorable Court as follows:

### JURISDICTION AND VENUE

1.    This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the matter in controversy arose between citizens of different states.

2.    Plaintiff is currently a resident of the State of Pennsylvania and is

1

otherwise sui juris.

3. Defendant MARS, INCORPORATED is a corporation duly organized and existing under the laws of the State of Delaware. MARS, INCORPORATED is also does business under the name of and is known as M&M's WORLD.

4. Said Defendant has an office and a place of doing business in the State of New York, said location being at 1600 Broadway, Frnt 1, New York, NY 10019. Said Defendant is authorized to transact and does business within the State of New York (including New York County, New York) and transacts business in the State of New York and, therefore, is subject to the jurisdiction of this Honorable Court by virtue of facts which will be set forth more fully below.

5. Venue of this action is proper pursuant to 28 U.S. § 1391(b) (1) & (d) in the Southern District of New York, since this is a negligence action for recovery of damages for personal injuries sustained by Plaintiff at Defendant's business location as stated above with Defendant conducting business statewide including within this Court's venue.

6. Defendant is indebted to Plaintiff in an amount which may be proved upon the trial of this case to compensate for Plaintiff general and special damages, by virtue of the facts which will be set forth more fully below.

7. At all times material herein, the Defendant owned, controlled and/or operated a store at 1600 Broadway, Front 1, New York, NY 10019.

## **FACTS GIVING RISE TO THIS ACTION**

8. This is a negligence action brought by Plaintiff to recover damages suffered as a result of the Defendant's failure to keep the premises of the MARS store in a safe condition, which ultimately caused Plaintiff to suffer personal injuries and related excruciating pain.

9. On August 28, 2017 Plaintiff went to the Defendant's store and was a business invitee on said premises with the intention of purchasing goods and products from Defendant.

10. On said date and at said time and place, as a result of Defendant's agents/employees negligent failure to clean up and/or permitting a liquid spill to remain on its floor, Plaintiff slipped and fell.

11. Plaintiff had no knowledge of the dangerous condition and because of Defendant permitting its store to be overcrowded, failure to perform safety sweeps and failure to post proper signage warning her of the dangerous condition, Plaintiff had no opportunity to detect the danger. At all times relevant hereto, Plaintiff was in the exercise of due and ordinary care for her own safety.

12. The area where Plaintiff slipped and fell was under the exclusive control of Defendant and the condition of the floor and the maintenance thereof were the sole responsibility of Defendant.

13. Defendant either created the dangerous condition, knew or should

have known of the dangerous condition on the floor before Plaintiff slipped and fell and the very least, said Defendant had either actual and/or constructive knowledge of the dangerous condition.

14. The aforementioned fall and resulting personal injuries sustained by Plaintiff were directly and solely proximately caused by the negligence of Defendant, such negligence including but not limited to:

   a. Failing to maintain and keep the premises safe for invitees, including Plaintiff;

   b. Failing to take timely and appropriate steps to correct the dangerous condition that existed on the premises and/or cleaning-up the liquid spill which resulted in a foreseeable hazard of injury to invitees including Plaintiff;

   c. Failing to properly warn persons, including Plaintiff of the dangerous condition on the premises caused by the spill, when Defendant knew, or should have known, that a situation of danger existed to invitees including thereby;

   d. Failing to take adequate precautions for the safety of invitees, including Plaintiff;

   e. Failing to timely inspect and maintain the premises for the safety of invitees, including Plaintiff;

    f. Failing to implement adequate policies and procedures for cleaning, inspection and maintenance of the premises for the safety of invitees, including Plaintiff and to prevent such conditions from occurring and/or remaining in the store;

    g. Permitting overcrowding in its stores thereby making the clean up of said premises impossible and/or obscuring dangerous conditions from patrons such as the Plaintiff;

    h. Failing to post adequate warning signs to alert invitees of the dangerous condition, including Plaintiff especially in overcrowded conditions; and

    i. Failing to exercise ordinary care.

15. In responding to Defendant's invitation to enter the MARS store, Plaintiff entered the premises pursuant to an implied representation or assurance that the premises had been made ready and safe for her reception and Plaintiff expected that Defendant had exercised and would continue to exercise reasonable care to make the premises safe.

16. Defendant maintained and/or created a dangerous and unsafe condition including overcrowding which exposed patrons of the MARS store to undue harm, thereby failing in their duty to discover and either keep the premises safe from, or warn of, hidden dangers not readily observable to invitees, including

Plaintiff, in the invitee's exercise of ordinary care.

17. As a direct and proximate result of the aforementioned negligence of Defendant and the ensuing slip and fall, Plaintiff has sustained personal injuries (including but not limited any aggravation to pre-existing conditions) to both her body and mind, including but not limited to serious personal injuries to her body, said injuries being permanent in nature and duration.

18. As a direct and proximate result of the aforementioned negligence of Defendant and the ensuing slip and fall, Plaintiff has incurred substantial medical and other expenses in treatment for said personal and she will continue to incur additional medical expenses for treatment for an indefinite period of time into the future, especially since her injuries are permanent in nature. Plaintiff is entitled to recover all reasonably incurred medical expenses and related expenses, past, present and future from Defendant.

19. As a direct and proximate cause of the aforementioned negligence of Defendant and the ensuing slip and fall, Plaintiff has experienced great pain and suffering of body and mind, is still experiencing such physical pain and suffering and mental anguish and will continue to do so for the duration of her lifetime, said personal injuries being permanent in both the nature and duration.

20. As a direct and proximate cause of the aforementioned negligence of Defendant and the ensuing slip and fall, Plaintiff has experienced other personal

injuries including but not limited to her loss of enjoyment of life and a diminution in her quality of life and will continue to do so for an indefinite period of time for which she is entitled to recover additional damages from Defendant.

21. All of the personal injuries and damages experienced by Plaintiff were as a direct and proximate result of the aforementioned negligence of Defendant and its agents and employees. Defendant, MARS is liable to Plaintiff in an amount sufficient to compensate Plaintiff for all of her personal injuries, damages and losses described above including both her general damages and her special damages.

WHEREFORE, Plaintiff demands:

a) that Plaintiff be awarded general damages against Defendant for her personal injuries in an amount which may be proved upon the trial of this case including damages for her pain and suffering;

b) that Plaintiff be awarded special damages against Defendant for her injuries in an amount which may be proved upon the trial of this case including for her medical bills and her loss of income;

c) that Plaintiff have a trial by jury as to all issues;

d) that the costs of this action be cast upon Defendant; and

e) that Plaintiff have such other and further relief as this Honorable Court deems just and proper.

Dated: July 1, 2020

        Respectfully submitted,

        Law Offices of Goldberg & Loren, P.A.
        1776 N. Pine Island Rd.
        Suite 224
        Plantation, Fl 33322
        Phone: (954) 585-4878
        Facsimile: (954) 585-4886
        E-Mail: JLoren@goldbergloren.com

        /s/ *George Z. Goldberg*
        _____
        George Z. Goldberg
        Counsel of Plaintiff